## PRINCETON CONST. CO. v. BARRIE.

(Supreme Court, Appellate Term.   December 22, 1911.)

LANDLORD AND TENANT (§ 231*)—ACTION BY TENANT—COUNTERCLAIM—EVIDENCE.

Evidence in an action for rent, in which defendant counterclaimed for breach of agreement to decorate the apartment, *held* to show that the apartment was not properly papered, making it error to render judgment for plaintiff on the counterclaim.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Princeton Construction Company against Caswell Barrie. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Harold Milbank, for appellant.

Campora & Thiery, for respondent.

LEHMAN, J. In an action brought by the plaintiff for rent, the defendant has counterclaimed for the damages caused by the landlord's breach of an agreement to decorate his apartment. The defendant showed by competent evidence that he selected wall paper at plaintiff's suggestion, and plaintiff agreed to place this paper on the walls of the apartment. He showed that this paper was shaded, and was marked in such a way that, when put up, the shading should blend, and that these marks were called to the attention of plaintiff's manager. He further showed that the plaintiff's manager hung the paper in such a manner that the shading did not blend; that the paper was, in addition, mottled and discolored; that the walls were uneven and gritty; that part of the paper was blistered; and that white plaster showed at the seams. The plaintiff placed three witnesses on the stand, who stated that they had examined the paper on the walls, but had seen no white plaster at the seams. They did not attempt, however, to deny the existence of the other alleged defects. Since, on this record, the existence of the defects is undisputed, a judgment in favor of the plaintiff on this counterclaim was erroneous.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.